**Order entered January 22, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00622-CR

**COURTNEY ALAN SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1845164-I**

## ORDER

Appellant came before the trial court on the State's amended motion to revoke probation or proceed with an adjudication of guilt. The trial court's judgment states the trial court found appellant "violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows: **A, A, A, H, J, K, N, Q, R, S**." On appeal, appellant requests we modify the judgment to reflect the specific allegations the court found to be true.

At the end of the hearing on the State's motion to revoke, the trial court found allegations A, Q, R, and S true; it found the allegations H, J, K, and N not true. However, the amended motion to revoke included three separate allegations labeled with the letter "A," and the trial court did not clarify which allegation(s) labeled "A" it found to be true. While this Court "has

the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so," *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd), we do not have the necessary information to correct the judgment in this instance.

Accordingly, this Court **ORDERS** the trial court to sign a corrected judgment adjudicating guilt in the above cause that states which of the State's allegation(s) labeled "A" in its amended motion to revoke that the trial court found to be true. We **ORDER** a supplemental clerk's record containing the corrected judgment adjudicating guilt be filed in this Court no later than **TWENTY DAYS** from the date of this Order.

This appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated **TWENTY DAYS** from the date of this order or when the supplemental clerk's record is received, whichever is earlier.


/s/      DAVID L. BRIDGES
          PRESIDING JUSTICE